HALL, Judge.
Diane London appeals a final order of the Department of Health and Rehabilitative Services reducing the amount of her food stamp benefits. We affirm in part and reverse in part.
On November 5, 1985, HRS notified London that her monthly food stamp benefits would be reduced from $115 to $10 for a five-month period beginning December 5, 1985. HRS stated as its reason for the reduction its inclusion of London’s $2,353.46 Florida Guaranteed Student Loan as unearned income for purposes of determining the amount of food stamp benefits for which London is eligible.
On January 2, 1986, London filed a request for a hearing with the Office of Public Assistance Appeals. A hearing was held, and on February 27,1986, the hearing officer filed a final order affirming the reduction of London's food stamp benefits. The hearing officer cited as the basis of the order a Department of Agriculture regulation allowing only student loans to be used at institutions of higher education to be excluded from consideration as income in determining food stamp eligibility and benefits. 7 C.F.R. § 273.9(b) (1985). Institution of higher education is defined as “any institution which normally requires a high school diploma or equivalency certificate for enrollment, including but not limited to colleges, universities, and vocational or technical schools at the post-high school level.” 7 C.F.R. § 271.2 (1985). Because London intended to use her student loan to attend a college which does not require its students to have high school diplomas or equivalency certificates, the Sunstate College of Hair Design, the hearing officer affirmed HRS’s inclusion of the loan as part of London’s income.
In this appeal London argues that the high school diploma requirement in the definition of institution of higher education does not pertain to vocational or technical schools. We disagree. The plain and clear language of 7 C.F.R. § 271.2 does not exclude any of the types of schools listed from the high school diploma or equivalency certificate requirement. Rather, the types of schools listed are only listed as examples of institutions requiring a high school diploma or equivalency certificate. It is the requirement of proof of completion of a high school education that is the gist of the definition of institution of higher education.
Although we disagree with London’s argument in this appeal, there is a basis for partially reversing the reduction of London’s food stamp benefits. On December 23, 1985, Congress passed the Food Security Act of 1985, 7 U.S.C.A. §§ 2011-2029 (West Supp.1986), which, among other things, amended the Food Stamp Act of 1977. Pub.L. No. 95-113, § 1301, 91 Stat. 958. It was in pursuance of this latter act that the regulations referred to previously were enacted. In the Food Security Act of *59 1985, Congress replaced the term institution of higher education with institution of postsecondary education. 7 U.S.C.A. § 2014(d)(3) (amending 7 U.S.C.A. § 2014(d) (1977)). The House Committee report explains that this change in terms was intended to also allow the exclusion of educational loans to be used at institutions of post-secondary education that do not require high school diplomas as prerequisites for attendance from consideration as income in determining the amount of food stamp benefits for which an individual is eligible. H.Rep. No. 271, 99th Cong., 1st Sess. 142-143, reprinted in 1985 U.S.Code Cong. & Ad.News, 1103, 1246-1247. The effective date of the 1985 act was December 23, 1985; thus, as of that date London could exclude her student loan to the extent it was used for tuition and mandatory fees from consideration as part of her income for purposes of determining the amount of her food stamp benefits.
HRS argues that because the Department of Agriculture did not issue its regulations implementing the changes of the Food Security Act until August 22, 1986, London’s case is not affected by those changes. We disagree. The power of an agency to promulgate substantive regulations derives from the statutory authority granted the agency by Congress. Chrysler Corp. v. Brown, 441 U.S. 281, 99 S.Ct. 1705, 60 L.Ed.2d 208 (1979). The Food Security Act provides that the Secretary of Agriculture “shall establish uniform national standards of eligibility ... for participation by households in the food stamp program in accordance with the provisions of this section.” 7 U.S.C.A. § 2014(b). As we have noted, the provisions of that section contain the change of the term institution of higher education to institution of postsecondary education and the House Committee report explains the Congressional intent behind that change. The Agriculture regulations of August 22, 1986, add nothing new to that explanation.
Accordingly, this cause is remanded for recalculation of London’s food stamp benefit as of December 23, 1985.
SCHOONOVER, A.C.J., and FRANK, J., concur.